UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GREGORY TYRONE SHANNON,<br><br>        Plaintiff,<br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant.<br>_____/ | Case No. 16-12963<br><br>SENIOR U.S. DISTRICT JUDGE<br>ARTHUR J. TARNOW<br><br>U.S. MAGISTRATE JUDGE<br>MONA K. MAJZOUB |

**ORDER ADOPTING REPORT AND RECOMMENDATION [18]; OVERRULING PLAINTIFF'S OBJECTION [19]; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [11]; AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [17]**

Plaintiff Gregory Tyrone Shannon seeks judicial review of the decision of an Administrative Law Judge ("ALJ") denying his application for disability benefits. Plaintiff filed a Motion for Summary Judgment [Dkt. 11] on February 3, 2017. Defendant filed a Motion for Summary Judgment [17] on May 3, 2017.

On August 23, 2017, the Magistrate Judge issued a Report and Recommendation ("R&R") [18] recommending that the Court grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment. Plaintiff filed an Objection [19] to the Magistrate Judge's R&R on September 6, 2017. Defendant responded on September 20, 2017 [20].

For the reasons discussed below, the Court **ADOPTS** the Report and Recommendation [18]. Plaintiff's Objection to the Report and Recommendation

[19] is **OVERRULED**. Plaintiff's Motion for Summary Judgment [11] is **DENIED**. Defendant's Motion for Summary Judgment [17] is **GRANTED**.

**FACTUAL BACKGROUND**

Plaintiff, who is 54 years-old, has the equivalent of a high school education, and previously worked as a lift operator, cook, and a cleaner. Dr. Don Harrison, the vocational expert, described the work as medium, as usually performed, and ranging between skilled and unskilled (see Ex. 13E and testimony). Dr. Harrison added that the claimant actually did the cooking job at the heavy level of exertion. Plaintiff states that he is disabled due to shortness of breath, chest pain, and fatigue.

The R&R summarized the remainder of the record as follows:

> **I. Procedural History**
> Plaintiff protectively filed applications for a period of disability and disability insurance benefits on July 25, 2013, alleging that he has been disabled since March 6, 2013, due to heart failure, epileptic seizures, pancreatitis, leg problems, high blood pressure, shortness of breath, and chronic fatigue. (TR 22, 93.) The Social Security Administration denied Plaintiff's claims on September 24, 2013, and Plaintiff requested a *de novo* hearing. (TR 92, 100–101, 114–15.) On January 21, 2015, Plaintiff appeared with a representative and testified at the hearing before Administrative Law Judge (ALJ) Patrick J. MacLean. (TR 35–82.) In an April 20, 2015 decision, the ALJ found that Plaintiff was not entitled to benefits because he was capable of performing a significant number of jobs in the national economy. (TR 29–30.) The Appeals Council declined to review the ALJ's decision (TR 1–6), and Plaintiff commenced this action for judicial review. The parties then filed cross motions for summary judgment, which are currently pending before the Court.

## II. Administrative Law Judge's Determination

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2018; that Plaintiff had not engaged in substantial gainful activity since March 6, 2013; and that Plaintiff suffered from the following severe impairments: chronic heart failure, emphysema, hypertension, a history of pancreatitis, a history of occasional seizures, and alcohol abuse. (TR 24.) The ALJ also found that Plaintiff had a non-severe arthritic impairment. (*Id.*) Next, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR 25–26.) The ALJ then found that Plaintiff had the following RFC [residual functional capacity]:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b), but he can only occasionally stoop, balance, kneel, crouch, crawl, and climb ramps, stairs, ladders, ropes, and scaffolds, and cannot be exposed to moving machinery or unprotected heights, and is limited to simple, routine, repetitive tasks.

(TR 26.) Subsequently, in reliance on the testimony of the Vocational Expert (VE), the ALJ determined that Plaintiff was capable of performing a significant number of jobs in the national economy. (TR 29–30.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from March 6, 2013, through the date of the ALJ's decision. (TR 30.)

## STANDARD OF REVIEW

The Court reviews objections to a Magistrate Judge's Report and Recommendation on a dispositive motion *de novo*. *See* 28 U.S.C. §636(b)(1)(c).

Judicial review of a decision by a Social Security ALJ is limited to determining whether the factual findings are supported by substantial evidence and whether the ALJ employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The ALJ's factual findings "are conclusive if supported by

substantial evidence." *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 243 (6th Cir. 1987). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial evidence standard "does not permit a selective reading of the record," as the reviewing court's assessment of the evidence supporting the ALJ's findings "must take into account whatever in the record fairly detracts from its weight." *McLean v. Comm'r of Soc. Sec.*, 360 F. Supp. 2d 864, 869 (E.D. Mich. 2005) (quoting *Garner v. Heckler,* 745 F.2d 383, 388 (6th Cir. 1984)). However, so long as the ALJ's conclusion is supported by substantial evidence, a court must "defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

## ANALYSIS

Plaintiff makes two objections: first, the Magistrate Judge erred by finding that it was unnecessary for the ALJ to obtain an updated medical opinion; and second, the Magistrate Judge erred by finding that the RFC was supported by substantial evidence. The Court overrules both objections.

### I. An updated medical opinion was unnecessary.

Plaintiff first contends that the ALJ should have obtained an updated medical opinion to evaluate documentation from hospital visits on January 19, 2014 and May 27, 2014 that was produced after Dr. Shaw's September 6, 2013 consultative examination. Social Security Ruling 96-6p requires an updated medical expert opinion when either

> (1) there is evidence of symptoms, signs and findings that suggest to the ALJ . . . that the applicant's condition may be equivalent to the listings; or (2) when additional medical evidence is received that '*in the opinion of the administrative law judge* . . . may change the State agency medical or psychological consultant's finding' that the impairment does not equal the listings.

*Kelly ex rel. Hollowell v. Comm'r of Soc. Sec.*, 314 Fed. Appx. 827, 830 (6th Cir. 2009) (quoting SSR 96-6p, 1996 WL 374180 (July 2, 1996) (emphasis added)).

Dr. Bina Shaw, M.D., the consultative examiner, examined Plaintiff and produced a report on September 6, 2013. After reviewing Plaintiff's medical records – including records from June 10, 2013 when Plaintiff went to the emergency room at Detroit Receiving Hospital – she noted that Plaintiff's x-ray report "showed no enlarged cardiomediastinal silhouette" and that "[t]here was no evidence of pleural effusion or pneumothorax." (Tr. 365). Dr. Shaw found Plaintiff to be "doing well" and stated that "[h]e no longer has swollen feet or shortness of breath with the medications he is prescribed." *Id.* Dr. Shaw opined that Plaintiff

could "sit, stand and walk for eight hours a day" and "bend at least 40 degrees and lift at least 20 pounds without difficulty." (Tr. 367).

The State agency physician, Dr. Muhammad Ahmed, M.D., reviewed Plaintiff's medical records and submitted his report on September 24, 2013. He found that Plaintiff could occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk (with normal breaks) for a total of about six hours in an eight hour workday; sit (with normal breaks) for a total of about six hours in an eight hour workday; and engage in unlimited pushing and/or pulling. (Tr. 98). Dr. Ahmed concluded that Plaintiff was incapable of performing work he had done in the past, but was "able to perform work that is less demanding." (Tr. 101).

Plaintiff has neither shown that an updated medical opinion is warranted, nor that he "has been prejudiced on the merits or deprived of substantial rights." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009). The Magistrate Judge correctly recognized that the ALJ did in fact consider the more recent medical records, but did not believe an updated opinion was needed. The ALJ explained:

> In May 2014, in Exhibit 8F, the claimant denied any real chest pain. In January, 2015, the claimant stated that he is walking normally (Ex. 11F). Also, at that time, he denied any musculoskeletal, gastrointestinal, or psychological symptoms (Ex. 11F, page four).
>
> . . . .

> Again, a stress test in December, 2014 showed a much improved ejection fraction of 40 percent (Ex. 11F). An echocardiogram at that time showed a similar ejection fraction of 40.32 percent (Ex. 11F). One report at that time states that the claimant's ejection fraction is 45 percent (Ex. 12F). Thus, the claimant's ejection fraction is much improved since March, 2013 when it was 15–20 percent (Ex. 8F). There was an exacerbation of congestive heart failure in June, 2013 (Ex. 8F), but that is the last reported exacerbation. A chest x-ray in January, 2014 showed only minimal vascular congestion (Ex. 5F). Exhibit 5F further states that there is no edema. In May, 2014, there was no edema, and heart and lung sounds were normal (Ex. 8F). In September, 2014, heart and lung sounds were again normal (Ex. 10F). At that time, the claimant actually denied any cardiovascular symptoms (Ex. 10F). In October, 2014, Exhibit 10F again indicated normal heart and lung sounds and no edema. Findings in December, 2014 include no edema and only mild cardiomegaly (Ex. 12F).

(Tr. 27-28).

This discussion indicates that the ALJ accounted for the January 2014 and May 2014 records, even if he did not explicitly explain as much. "[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006).

Plaintiff has not demonstrated either that the records suggest that he qualified under one of the listings or that the ALJ believed the records may have changed the medical experts' findings. *See Courter v. Comm'r of Soc. Sec.*, 479 Fed. Appx. 713, 723 (6th Cir. 2012). The Court also notes – as did the Magistrate Judge – that Plaintiff never requested an updated medical opinion. *See id.* at 724.

Because neither the Magistrate Judge nor the ALJ erred in rejecting Plaintiff's argument that an updated medical opinion was necessary, Plaintiff's objection is overruled.

## II. The RFC Determination

Plaintiff next argues that the Magistrate Judge erred by finding that the ALJ's RFC was supported by substantial evidence. He claims that the ALJ and Magistrate Judge "misconstrued medical evidence and testimony that ultimately resulted in an inadequate RFC to address Plaintiff's multiple severe medical conditions." (Obj. at 5-6). Plaintiff's argument is vague and does not appear to directly correspond to any of the arguments raised before the Magistrate Judge. It seems that Plaintiff is attempting to launch a general objection to the Magistrate Judge's findings by lumping various issues together. *See* Obj. at 5 (Plaintiff's Objection 2 refers to pages 6-13 of the R&R – the vast majority of the R&R).

The Court is not obligated to conduct de novo review of objections that are "[f]rivolous, conclusive, or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Plaintiff's "generalized and ambiguous objection is an insufficient basis for this court to overrule the report and recommendation." *Fields v. Martin*, No. 13-10166, 2013 WL 5182182, at *1 (E.D. Mich. Sept. 13, 2013). The Court cannot discern the specific portion of the R&R to which Plaintiff objects, and his argument is therefore deemed waived. *See id.* ("[V]ague and conclusory objections

amount to a complete failure to object as they are not sufficient to pinpoint those portions of the report and recommendation that are legitimately in contention.").

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the Report and Recommendation [18] is **ADOPTED** and entered as the findings and conclusions of the Court. Plaintiff's Objection to the Report and Recommendation [19] is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [14] is **GRANTED**. Plaintiff's Motion for Summary Judgment [12] is **DENIED**.

**SO ORDERED**.

                                          s/Arthur J. Tarnow
                                          Arthur J. Tarnow
Dated: September 25, 2017        Senior United States District Judge